DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2019-33 |
| ) | |
| DUANE WOODS ) | |
| ) | |
| Defendant. ) | |
| ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Nathan Brooks, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Richard Coughlin, FPD**
**Melanie Lark Turnbull, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Duane Woods.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Duane Woods ("Woods") to waive his speedy trial. Woods also moves to continue the trial in this matter. For the reasons stated herein, the time to try this case is extended up to and including February 10, 2020.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest

of justice for several reasons. First, an extension is necessary to allow Woods time to obtain an expert evaluation. Second, Woods made his request with the advice and consent of counsel. Third, without an extension, Woods would be denied reasonable time necessary to explore plea options and prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had

moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that Woods's motion to continue, ECF No. 34, is **GRANTED**; it is further

**ORDERED** that the jury trial previously scheduled to commence on November 18, 2019, is hereby **RESCHEDULED** to commence on February 10, 2020; and it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 10, 2020, shall be excluded in computing the time within which the trial for Woods must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez**
**District Judge**