```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )    Criminal No. 2019-33
                                )
DUANE WOODS                     )
                                )
          Defendant.            )
                                )
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Nathan Brooks, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Richard Coughlin, Federal Public Defender**
**Melanie Lark Turnbull, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
  *For Duane Woods.*

## <u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of the United States to continue the trial in this matter.

### I.  <u>FACTUAL AND PROCEDURAL HISTORY</u>

On May 23, 2019, a grand jury returned a three count indictment against Duane Woods ("Woods"). Count One charges Woods with receiving stolen government property in violation of

18 U.S.C. § 641. Counts Two and Three each charge Woods with grand larceny in violation of 14 V.I.C. § 1083.

On June 5, 2019, Woods was arraigned on the indictment. At his arraignment, a trial date was set for July 22, 2019. Subsequently, the trial date was continued on multiple occasions after Woods moved to continue. The current trial date is February 10, 2020.

On February 4, 2020, the United States filed a sealed motion to continue the trial date. In its motion, the United States explained that a key government witness is unavailable for trial on February 10, 2020, due to a recent medical procedure that restricts her travel.

## II. DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, was designed to give effect to the Sixth Amendment right to a speedy trial "by setting specified time limits . . . within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). The Act requires that a trial shall start "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute provides,

however, that certain periods of delay "shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h).

Subsection (h) of 18 U.S.C. § 3161 contains a list of circumstances which merit the exclusion of time from the seventy-day limit imposed by the Speedy Trial Act. Pursuant to that subsection, when a district court makes a Speedy Trial Act time calculation, it "shall" exclude, among other things:

> (3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.
>
> (B) For purposes of subparagraph (A) of this paragraph, . . . a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3).

The Third Circuit has explained that "a witness may be deemed 'essential' for the purposes of 18 U.S.C. § 3161(h)(3)(A) even though the government could possibly obtain a conviction without that witness's testimony." *United States v. Hamilton*, 46 F.3d 271, 276 (3d Cir. 1995). The Third Circuit further explained that

> The Senate Judiciary Committee report accompanying the Speedy Trial Act defined an "essential witness" as "a witness so essential to the proceeding that continuation without the witness would *either* be impossible *or* would likely result in a miscarriage of justice." The legislative history of the Speedy

>     Trial Act therefore suggests that the government need not demonstrate impossibility of conviction without the witness before that witness may be deemed "essential." A witness may also be treated as "essential" if, in the absence of that witness's testimony, a miscarriage of justice may likely occur.

*Hamilton*, 46 F.3d at 276-77 (emphasis added) (citations omitted).

Consequently, the Third Circuit held that "where a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as 'essential' for Speedy Trial Act purposes." *Id.* at 277. However, the Third Circuit limited its holding, explaining that "if the witness's testimony will be merely cumulative or substantially irrelevant, the witness should not be deemed essential." *Id.*

Significantly, the Third Circuit has also held that "a witness who cannot testify because of [a] then existing temporary physical or mental illness or infirmity is unavailable for purposes of calculation of time under the Speedy Trial Act." *United States v. Faison*, 679 F.2d 292, 297 (3d Cir. 1982).

Here, the Government argues that its witness is essential to prove that Woods retained property of value of the United States with the intent to convert it to his own use or gain. The witness was the Accountable Property Manager for the Federal

Emergency Management Agency ("FEMA") in St. Thomas at the time Woods is alleged to have retained property of value of the United States. The Government asserts that the witness conducted the FEMA inventory that determined certain items to be missing. Additionally, the witness informed multiple FEMA employees, including Woods, of the particular FEMA property that was missing. Moreover, the witness identified several items recovered during the course of a search at Woods's home as the missing FEMA-owned items. As such the testimony of the witness is "unquestionably important to the prosecution's case." *Hamilton*, 46 F.3d at 277.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice because the Government's essential witness is unavailable due to a temporary physical illness or infirmity. As such the Court finds that a continuance of the trial date, and the exclusion of such time from the Speedy Trial clock, is appropriate.

The premises considered; it is hereby

**ORDERED** that the motion of the United States, ECF No. 42, to continue the jury trial is **GRANTED**; it is further

**ORDERED** that the jury trial in this matter previously scheduled for February 10, 2020, is hereby **RESCHEDULED** to commence promptly at 9:00 a.m. on April 6, 2020; and it is further

**ORDERED** that the time beginning from the date of this order granting an extension through April 6, 2020, shall be excluded in computing the time within which the trial for Duane Woods must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
    **Curtis V. Gómez**
    **District Judge**